

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2013

# In Re: Arnold Reeves

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-3597

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"In Re: Arnold Reeves " (2013). *2013 Decisions.* Paper 1447.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/1447

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-017                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3597
_____

IN RE:  ARNOLD REEVES,
                                            Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-13-cv-01795)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 24, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: November 04, 2013)
_____

OPINION
_____

PER CURIAM

Arnold Reeves, proceeding pro se and in forma pauperis, petitions for a writ of

mandamus compelling the United States District Court for the District of New Jersey to

rule on his 28 U.S.C. § 2241 petition.

Reeves pleaded guilty in 1996 in the United States District Court for the Southern

District of New York to drug charges in violation of 21 U.S.C. §§ 812, 814(a)(1), and

841(b)(1)(A).  Reeves was sentenced to 240 months of imprisonment, to be followed by

10 years of supervised release.  Reeves appealed, and in July 2002 the United States

Court of Appeals for the Second Circuit affirmed the judgment and conviction. See United States v. Reeves, 296 F.3d 113, 117 (2d Cir. 2002).

In October 2002, Reeves unsuccessfully sought relief pursuant to a motion filed under 28 U.S.C. § 2255 in the Southern District of New York. See United States v. Reeves, No. 02-CV-9309, 2005 WL 3288012 (S.D.N.Y. Dec. 2, 2005). Reeves filed two other unsuccessful challenges to his conviction and sentence in the Southern District of New York. See Reeves v. United States, No. 96-CR-325, 2008 WL 4921764 (S.D.N.Y. Oct. 3, 2008); Reeves v. United States, No. 96-CR-325, 2010 WL 3791967 (S.D.N.Y. Sept. 23, 2010). In December 2009, Reeves filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. The District Court dismissed the petition for lack of jurisdiction, and on appeal we summarily affirmed the District Court's order. See Reeves v. United States, 417 F. App'x 113, 114 (3d Cir. 2011).

On March 21, 2013, Reeves filed a second petition for a writ of habeas corpus under § 2241 in the District of New Jersey. On May 9, 2013, Reeves filed a supplement to his § 2241 petition. There has been no further activity on the District Court's docket.

Mandamus is a drastic remedy available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Meyers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary. In re Fine Paper Antitrust

2

Litig., 685 F.2d 810, 817 (3d Cir. 2005).  Due to the discretionary nature of docket

management, there is no "clear and indisputable" right to have the District Court handle a

case in a certain manner.  See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36

(1980).  However, mandamus may be warranted when a District Court's delay "is

tantamount to a failure to exercise jurisdiction."  Madden, 102 F.3d at 79.

Reeves first filed his § 2241 petition in March 2013, and filed a supplement to the

petition in May 2013.  No action has been taken in the District Court since that time.

Although the current period of inactivity is not insignificant and raises some concern, we

do not believe that the delay warrants our intervention at this time.  See id. (holding that

an approximately eight-month delay did not warrant relief).  We are confident that the

District Court will address the § 2241 petition without undue delay.  For the foregoing

reasons, we will deny the petition for a writ of mandamus.  This denial is without

prejudice to the filing of a new petition for a writ of mandamus if the District Court does

not act within ninety days of the date of this judgment.

3